[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] COURT'S RULING ON MOTION TO SUPPRESS
The burden is upon the State to prove by a preponderance of the evidence that the defendant was advised of his rights and that he subsequently waived his right to remain silent and his right to counsel. In examining that waiver, the Court has to determine whether the waiver was knowingly, intelligently entered into, i.e., did the defendant understand it and if he did then was the waiver voluntarily entered into. This is to be ascertained based on the totality of the circumstances.
The first question is whether the defendant was advised of his rights. State's Exhibit A indicates that at 16:43 on August 11th, 1999. the defendant signed a notice of rights. Testimony further indicated that these rights were read to him. At 18:30 he again signed a notice of rights, which was combined on the same sheet of paper with a waiver of rights. As to the notice of rights, there was testimony to the effect that that likewise read to him.
The defendant, in taking the stand, denied that he had his rights read to him. He denied there was any explanation of any of the documents that he signed including the notice of rights. The court makes several observations concerning Mr. Reese's testimony before making its decision on the advisement of rights. Mr. Reese is twenty-four years old, has an eleventh grade education. Mr. Reese has previously been in the criminal justice system on more than one occasion. He has been represented by, I believe he indicated, the public defender, on at least one prior CT Page 2338 occasion. Mr. Reese indicated that he was experiencing no physical problems on the day in question and the he was not under the influence of any drugs or alcohol.
This court had the opportunity to observe Mr. Reese and his ability to understand and explain himself and found him to understand all the questions that he was asked and to explain his answers and his position cogently.
Given the above circumstances plus the defendant's indication that at the time of his arrest for this incident he knew from previous experience that he had the right to an attorney, that he knew that he had the right to say nothing. that he knew he had the right to stop talking at anytime, the court does not find credible his statement that his rights were never read to him and that he signed a document that was put in front of him without reading it and without having any understanding of what it was.
Having found that Mr. Reese was advised of his rights, the question now becomes whether he waived his right to remain silent and his right to counsel. Did he knowingly and intelligently enter into this waiver?
The document that he signed at 18:30, the bottom half of that which is State's Exhibit B, has the waiver of rights provision and in seven separate spots on that waiver of rights, the defendant's initials are found. His testimony indicated that it was his signature. Once again the defendant takes the position he never read it, didn't understand it.
It should be noted that at 17:43. just about in the middle of these two signatures, he placed five calls and he did indicate in his own testimony that at no time was he ever refused to right to make any additional calls. He called his mom for three minutes, two unknown persons for one minute apiece and then a last call we don't know how long it lasted, we just know when it was placed. This was one hour after his first notice of rights. approximately an hour before his second notice of rights and waiver. During this time he was given the opportunity to call whoever he wanted. At no time did he attempt to make contact with an attorney. In addition the defendant testified that when he was talking with his mom she was going to try to find a lawyer for him. He also testified he knew he had the right to an attorney. He knew he had the right to say nothing and if his mom was looking for an attorney he certainly knew from his previous experience in the criminal justice system that he had the right to remain silent while his mom was conducting her search.
The court finds that he did understand what he was initialing and CT Page 2339 signing at the bottom of the State's Exhibit. He did knowingly and intelligently enter into that waiver.
As for as the totality of the circumstances are concerned and the voluntariness, I think that some of the facts, which the court has already put on the record, indicate to this court the voluntary nature of what he did.
The time span was not particularly long; from 16:04. the time of the arrest to the waiver at 18:30 to the signature at 20:20. Combining this with his intelligence. combining this with his knowledge of the system. combining this with his lack of physical impediments or any mental impediments at that time. combining this with the fact that he testified that he knew this statement was very important and that it was very important to be truthful, the court finds a lack of credibility in the position taken by Mr. Reese that he never read it.
For all the reasons that this court has indicated. I find that the defendant was advised of his rights and knowingly. intelligently, voluntarily waived his right to counsel and to remain silent and the motion to suppress is denied.
HAUSER, J.